UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT A. SHEPERIS, | : | CIVIL ACTION NO.: |
| | : | 3:17CV011318(JCH) |
|     Plaintiff, | : | |
| | : | |
| Individually, and on behalf of himself and others similarly situated, | : | |
| | : | |
| CITY OF STAMFORD, | : | |
| | : | |
|     Intervening Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SIG SAUER, INC. | : | |
| | : | |
|     Defendant. | : | DECEMBER 29, 2017 |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT ADDING CLASS ALLEGATIONS**

Pursuant to Federal Rule of Civil Procedure 15(a), Local Rule 7.1, Plaintiff Sheperis respectfully submits this Memorandum in support of his Motion for Leave to File Amended Complaint.

**I.      PROCEDURAL POSTURE**

Plaintiff filed suit on August 4, 2017. He seeks recovery of compensatory and punitive damages, and equitable relief under Connecticut statutory and common law, prompted by the asserted deceptive marketing and accidental discharge, or "drop fire," of a pistol manufactured by the defendant SigSauer, inc. Specifically, a semi-automatic pistol model known as the "P320."

On November 16, 2017 this Court issued a Scheduling Order. On December 14, 2017,

the parties recently participated in a settlement conference before the Honorable Thomas P. Smith which was unsuccessful in resolving the case.  On December 22, 2017, the parties exchanged Initial Disclosures pursuant to Fed. R. Civ. P. 26(a), and have also recently served each other with initial sets of discovery requests.  No significant formal discovery has taken place to date.   The Court ordered that the deadline to amend pleadings was November 28, 2017, approximately one month ago.

## II.     ARGUMENT

### a.     *Leave to Amend Is to Be Freely Granted under Rule 15.*

Federal Rule of Civil Procedure 15(a) requires that leave to file an amended complaint be "freely given when justice so requires." This standard is readily met here, as the case is in its preliminary stages, and a more detailed description of the conduct at issue, and the remedies sought, will prevent the Court's time from being wasted before and at trial.  Moreover, further investigation has revealed that SIG continues, to the present day, to represent the P320 as "drop safe" to the present day, despite having full knowledge that the weapon shot Officer Sheperis in January 2017.

This in itself provides good cause, as discussed below, for the additional amendment to the Complaint to protect all owners and potential purchasers of the P320 within Connecticut, who might otherwise be deceived into purchasing it or injured by it.   A court, again, should "freely give" leave to amend "when justice so requires." *Anderson News, LLC v. Am. Media, Inc.,* 680 F.3d 162, 185 (2d Cir. 2012) *(citing Foman v.Davis*, 371 U.S. 178, 182 (1962)).  The case is also in its very early stages, and defendant will suffer no undue prejudice from the requested amendment.

  **b.**  *<u>Defendant Will Not Suffer Substantial Prejudice, and There Is No Other Reason Plaintiff Should Not Be Given Leave to Amend</u>*

Where a court has set a scheduling order pursuant to Rule 16, as it has here, the court must first address whether the party seeking to amend has shown "good cause" for modifying that scheduling order. *See* Fed. R. Civ. P. 16(b)(4); *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 243-44 (2d Cir. 2007); *accord Gullo v. City of N.Y.,* 540 F.App'x 45, 46-47 (2d Cir. 2013) (affirming denial of untimely motion to amend to name defendant officers). One purpose of Rule 16 is to "offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (quoting Fed. R. Civ. P. 16 advisory committee's note (1983)). If the party seeking the amendment satisfies the "good cause" standard of Rule 16, the court then determines whether the movant has also met the liberal standards of Rule 15*. See Kassner*, 496 F.3d at 244.

The good cause standard is met there, as well as the liberal standards of Rule 15.   The plaintiff first filed this suit on August 4, 2017.  Docket No. 1.  Days thereafter, defendant SIG issue a "voluntary recall" of the P320, offering to fix it at no charge, but without recalling it on a mandatory basis as it has done with other weapons.  This certainly appeared to be at least an indirect admission that the weapon was not drop safe, precisely as alleged in the Complaint and Amended Complaint filed on August 31, 2017.

However, in the process of continuing to investigate and prosecute the case after the parties' settlement conference with Judge Smith was unsuccessful,[1] plaintiff discovered that the

---

[1] SIG in fact brought no corporate representative to the mediation with Judge Smith on December 14, 2017, making the entire endeavor essentially a waste of time.

P320 is still being marketed as "drop safe" on SIG's website - - to this very day, as attachments to the proposed new amendment show. This ongoing misrepresentation and confusion regarding the safety status of the P320, an inherently dangerous and deadly product, justifies the amendment the plaintiff seeks to file, which aims to protect consumers of the product within Connecticut, from serious injury or death, which is at least one of the major purposes of the CUTPA statute.

    c.    *Plaintiff is entitled to amend his complaint because there has not been undue delay*

Plaintiff has not unduly delayed in bringing this motion to amend. The United States Court of Appeals for the District of Columbia has held that "[w]here an amendment would do no more than clarify legal theories or make technical corrections . . . delay, without a showing of prejudice, is not a sufficient ground for denying the motion." *Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999); *see also Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996) (holding that in order to determine the severity of the delay, the court considers any resulting prejudice the delay may cause); *Estate of Gaither v. District of Columbia*, 272 F.R.D. 248, 252 (D.D.C. 2011).

Even should defendant claim that there was somehow undue delay in plaintiff's attempt to amend the complaint, any alleged delay has been no more than one month, and the case is clearly still at a very early stage. In fact, courts have granted leave to amend even after plaintiffs had "five previous attempts to state [a] cognizable claim . . . because [the] Federal Rules suggest [that the] 'artless drafting of a complaint should not allow for the artful dodging of a claim.'" *Driscoll v. George Washington,* 2012 U.S. Dist. LEXIS 127870, at *7 (D.D.C. Sept. 10, 2012) (alteration in original) (quoting *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*,

4

72 F.R.D. 556, 561 (S.D.N.Y. 1976)).  Plaintiff certainly is not stating that the operative complaint is "artless", however he is stating that the misleading and deceptive conduct that appeared to have been halted, continues to this day.  Therefore there is thus no undue delay, and plaintiff should be allowed to file the amendment requested.

### III.     CONCLUSION

For the reasons stated, Plaintiff's Motion for Leave to File Amended Complaint with Class Allegations should be granted.

                                               Respectfully submitted,

                                               PLAINTIFF
                                               VINCENT A. SHEPERIS

By:

                                               __/s/Jeffrey S. Bagnell_____
                                               Jeffrey S. Bagnell
                                               Federal Bar No. CT18983
                                               Jeffrey S. Bagnell, Esq., LLC
                                               55 Greens Farms Road, #200-60
                                               Westport, Connecticut 06880
                                               (203) 984-8820
                                               (203) 255-4454 (fax)
                                               jeff@bagnell-law.com

                                               Attorney for Plaintiff

**CERTIFICATION**

      This is to certify that on this 29th day of December 2017 a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties, as listed below, by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

                         /s/Jeffrey S. Bagnell