UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT A. SHEPERIS, | : | CIVIL ACTION NO.: |
| | : | 3:17CV011318(JCH) |
| Plaintiff, | : | |
| | : | |
| CITY OF STAMFORD, | : | |
| | : | |
| Intervening Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SIG SAUER, INC. | : | |
| | : | |
| Defendant. | : | MAY 24, 2018 |

**MEMORANDUM IN SUPPORT OF RE-FILED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT ADDING CLASS ALLEGATIONS**

Pursuant to Fed. R. Civ. P. 15(a), and D. Conn. L. Civ. R. 7.1, Plaintiff Sheperis respectfully submits this Memorandum in support of his re-filed Motion for Leave to File Amended Complaint with Class Allegations.

**I.      PROCEDURAL POSTURE**

Officer Sheperis filed suit on August 4, 2017.  He seeks recovery of economic, compensatory, and punitive damages, as well as equitable relief, under Connecticut statutory and common law, after he was accidentally shot by one of defendant's semi-automatic pistols; specifically, the model known as the P320.  He contends, as elaborated in the Amended Complaint, that SIG:  (i) deceptively marketed the P320 as being drop safe, and unable to fire without a trigger pull, (ii) that both representations were false, and (iii) that SIG thereby violated the Connecticut Unfair Trade Practices Act.  He also seeks damages for negligent and

intentional infliction of emotional distress under common law.

On November 16, 2017 this Court issued a Scheduling Order.  On December 14, 2017, the parties participated in a settlement conference before the Honorable Thomas P. Smith which did not resolve the case.  On December 22, 2017, the parties exchanged Initial Disclosures pursuant to Fed. R. Civ. P. 26(a), and have served each other with discovery requests and responses.  Plaintiff's Motion to Compel regarding defendant's responses is currently pending and scheduled for oral argument on May 30th.  (Docket No. 46).  No depositions have occurred to date.  Plaintiff has disclosed his expert witness in accordance with the Court's order dated March 13, 2018.

The Scheduling Order has since been modified to extend various deadlines on consent of both parties.  (Docket No. 49).  The Court originally ordered that the deadline to amend pleadings was November 28, 2017, approximately one month before Sheperis originally requested leave to file the Amended Complaint with Class Allegations.

II.     **ARGUMENT**

a.      *Leave to Amend Is to Be Freely Granted under Rule 15.*

Federal Rule of Civil Procedure 15(a) requires that leave to file an amended complaint be "freely given when justice so requires."  This standard is met here, as the Motion was first filed in December 2017 when the case was in its preliminary stages and while a second mediation was pending.

A more detailed description of the causes of action at issue, and the overall remedies sought, will economize the Court's and parties' time in discovery and preparing the case for trial.  In addition, discovery has revealed that SIG continues to represent the P320 as "drop

safe" to the present, despite knowing that the weapon shot Officer Sheperis in January 2017, and at least eight others thereafter.

The latter fact in itself provides good cause for the Class Allegations amendment to the Amended Complaint.  It will serve to protect all owners and potential purchasers of the P320 in Connecticut, who might otherwise be injured or killed by it.  A court, as stated, should "freely give" leave to amend "when justice so requires." *Anderson News, LLC v. Am. Media, Inc.,* 680 F.3d 162, 185 (2d Cir. 2012) *(citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). A motion for leave to amend a complaint may be denied "when there is undue delay, bad faith, dilatory motive, undue prejudice to opposing party, or when the amendment would be futile." *Bethany Pharmacal, Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001).  If there is no "undue prejudice to the opposing party by virtue of allowance of the amendment" then "leave should, as the rules require, be 'freely given.'" *Forman v. Davis*, 371 U.S. 178, 181 (1962).[1]

Defendant has been aware of this requested amendment since December 2017 when discovery was in its very early stages.  It has been on fair notice of a potential class action months earlier, since August 4, 2017, given:  (i) the class action mechanism in the CUTPA statute, and (ii) the recall demand and warning language in plaintiff's Prayer for Relief.   That language obviously implicated thousands of other parties beyond plaintiff Sheperis.  SIG will therefore suffer no undue prejudice as a result of the Class Allegations amendment.

---

[1]   Even cases in which amendments to add class action allegations were not permitted support the principle that such a motion should be freely granted.  Very strong facts are required to justify such a denial.  In *Lusted v. San Antonio Independent School District*, 741 F.2d 817 (5th Cir. 1984), for example, the plaintiff's motion to amend to add class allegations was denied where the motion was made six months *after* a trial on the merits, and two months after the district court had issued its memorandum and order, violating the ten day deadline in Rule 59(e).  In *Lusted*, unlike the present case, the individual action "neither showed nor alleged that the suit met the prerequisites of a class action and *she prayed for relief solely on her own behalf*." *Lusted* at 821 (emphasis added).

**b.**     ***Defendant Will Not Suffer Substantial Prejudice, and There Is Good Cause to Allow the Amendment.***

Where a court has set a scheduling order pursuant to Rule 16, the court must first address whether the party seeking to amend has shown "good cause" for modifying it. *See* Fed. R. Civ. P. 16(b)(4); *Kassner v. 2nd Ave. Delicatessen, Inc.*,496 F.3d 229, 243-44 (2d Cir. 2007); *accord Gullo v. City of N.Y.,* 540 F.App'x 45, 46-47(2d Cir. 2013) (affirming denial of untimely motion to amend to name defendant officers).  One purpose of Rule 16 is to "offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (quoting Fed. R. Civ. P. 16 advisory committee's note (1983)). If the party seeking the amendment satisfies the "good cause" standard of Rule 16, the court then determines whether the movant has also met the liberal standards of Rule 15. *See Kassner*, 496 F.3d at 244.

The good cause standard is met there, as well as the liberal standards of Rule 15.   The plaintiff first filed this suit on August 4, 2017.   Docket No. 1.  On August 8, 2017, defendant SIG announced a "Voluntary Upgrade Program" for the P320, offering to fix it at no charge, but without recalling it on a mandatory basis as it, and its competitors, have done with other defective weapons.  The Program was clearly prompted by Sheperis's claim, and implicated hundreds of thousands of purchasers or users of the P320 beyond Officer Sheperis.  It also appeared to acknowledge that the weapon was not drop safe, as alleged in the Complaint and Amended Complaint filed on August 31, 2017, and in a letter to SIG's CEO months before.

However, in the process of continuing to investigate and prosecute the case after the parties' settlement conference with Judge Smith,[2] Sheperis discovered that the P320 is still

---

[2]     SIG brought no corporate representative to the mediation with Judge Smith on December 14, 2017, making the endeavor unproductive.  No settlement discussions occurred.

4

being marketed as "drop safe" on SIG's website - - to this very day, as attachments to the proposed Class Allegations amendment show.  This ongoing misrepresentation and confusion regarding the safety status of the P320, an inherently dangerous and deadly product, justifies the amendment plaintiff seeks to file.  It seeks to protect consumers of the product within Connecticut from serious injury or death, or merely being deceived into purchasing it, consistent with the purposes of the remedial CUTPA statute.

    c.    ***Sheperis is entitled to amend his complaint because there has been no undue delay, and SIG has been on fair notice of a potential class claim under CUTPA since August 2017.***

Plaintiff has not unduly delayed in bringing this motion to amend. The United States Court of Appeals for the District of Columbia has held that "[w]here an amendment would do no more than clarify legal theories or make technical corrections . . . delay, without a showing of prejudice, is not a sufficient ground for denying the motion." *Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999); *see also Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996) (holding that in order to determine the severity of the delay, the court considers any resulting prejudice the delay may cause); *Estate of Gaither v. District of Columbia*, 272 F.R.D. 248, 252 (D.D.C. 2011).

Even should defendant claim that there was somehow undue delay in plaintiff's attempt to amend the complaint, any alleged delay was no more than one month, under the terms of the original Scheduling Order.  Courts have granted leave to amend even after plaintiffs had on "five previous attempts to state [a] cognizable claim . . . because [the] Federal Rules suggest [that the] 'artless drafting of a complaint should not allow for the artful dodging of a claim.'" *Driscoll v. George Washington,* 2012 U.S. Dist. LEXIS 127870, at *7 (D.D.C. Sept. 10, 2012) (alteration in

5

original) (quoting *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 72 F.R.D. 556, 561 (S.D.N.Y. 1976)). Plaintiff certainly is not stating that the operative complaint is "artless," but that the misleading and deceptive conduct that appeared to have been indirectly acknowledged by SIG, continues to this day, and has implicated thousands of parties other than Sheperis since the suit was first filed. Therefore there is thus no undue delay, and plaintiff should be allowed to file the amendment requested.

Finally, the proposed new cause of action for breach of contract, which SIG opposed, has been deleted from the proposed Amended Complaint with Class Allegations.

### III. <u>CONCLUSION</u>

For the reasons stated, Plaintiff's Re-filed Motion for Leave to File Amended Complaint with Class Allegations should be granted.

Respectfully submitted,

PLAINTIFF
VINCENT A. SHEPERIS

By:

　　/s/Jeffrey S. Bagnell
Jeffrey S. Bagnell
Federal Bar No. CT18983
Jeffrey S. Bagnell, Esq., LLC
55 Greens Farms Road, #200-60
Westport, Connecticut 06880
(203) 984-8820
(203) 255-4454 (fax)
jeff@bagnell-law.com

Attorney for Plaintiff

6

## **CERTIFICATION**

      This is to certify that on this 24th day of May 2018 a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties, as listed below, by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

                                      /s/
                          Jeffrey S. Bagnell