UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT A. SHEPERIS, | : | CIVIL ACTION NO.: |
| | : | 3:17CV011318(JCH) |
| Plaintiff, | : | |
| | : | |
| CITY OF STAMFORD, | : | |
| | : | |
| Intervening Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SIG SAUER, INC. | : | |
| | : | |
| | : | |
| Defendant. | : | DECEMBER 20, 2017 |

**SIG SAUER, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 34, Defendant, SIG SAUER, INC. ("SIG SAUER") responds, upon information and belief, to Plaintiff's Request for Production of Documents, as follows:

**PRELIMINARY STATEMENT**

SIG SAUER has not fully completed its investigation, discovery, analysis, legal research and preparation for trial. The responses contained herein are based only upon the information and documentation that is presently available to and known to SIG SAUER. It is possible that further investigation, discovery, analysis, legal research and/or preparation may result in the ascertainment of additional information or documentation, or provide

additional meaning to known information or documentation, or establish additional or new factual conclusions and legal contentions, all of which may result in the modification of these responses. Accordingly, SIG SAUER reserves the right to modify its responses herein based upon subsequently ascertained or developed information, documentation, facts and contentions.

SIG SAUER generally objects to plaintiff's requests for production concerning any firearm other than the SIG SAUER P320 model pistol, which is the model pistol at issue in this lawsuit.

Subject to the objections asserted herein, SIG SAUER has provided responses to plaintiff's requests for production in a good faith effort to reasonably respond based upon presently available information and documentation. These responses should not be construed to prejudice SIG SAUER's right to conduct further investigation, discovery, analysis, legal research and/or preparation, or to limit this defendant's right to utilize any additional evidence that may be developed.

Except for explicit facts stated herein, no incidental and/or implied admissions are intended or made by SIG SAUER in any of these responses. SIG SAUER's responses should not be construed as an admission that this defendant accepts or admits any facts set forth or implied in plaintiff's requests. SIG SAUER's response to any portion of plaintiff's requests should not be construed as a waiver of part or all of this defendant's objections thereto.

All objections made herein are made on the advice of counsel in order to protect responding party from unwarranted invasion of its privacy, records, and files.

## DEFINITIONS

1. "Subject Incident" refers to the January 5, 2017 incident during which plaintiff was allegedly injured when he dropped his P320 model pistol and it allegedly discharged upon impacting the ground as described in plaintiff's First Amended Complaint.

2. "Subject P320 Pistol" refers to the P320 model pistol that allegedly discharged upon impacting the ground after plaintiff dropped it as alleged in plaintiff's First Amended Complaint.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUETS

1. All records of any drop fire and/or other accidental discharge incidents in the United States or elsewhere involving the P320, or predecessor pistols manufactured by SIG, within the last seven years.

**RESPONSE: SIG SAUER objects to this request to the extent it seeks information about "accidental discharge incidents" that occurred under circumstances different from what allegedly occurred in the Subject Incident on the grounds that such information is overbroad, unduly burdensome and is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. SIG SAUER further objects to this request because the term "predecessor pistol" is undefined, rendering the request vague and**

3

**ambiguous. SIG SAUER further objects to this request to the extent it seeks documents or information about firearm models other than the subject P320 model pistol on the grounds that such information is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving its objections, SIG SAUER responds that it will produce documents regarding any alleged drop fire incidents with the P320 model pistol.**

2. All certificates or documents transmitted to SIG Sauer from any local, state or federal government agency stating that the P320 is, or is not, drop safe.

**RESPONSE: SIG SAUER objects to this request because the term "drop safe" is not defined, rendering the request vague and ambiguous. SIG SAUER further objects to this request to the extent it seeks materials provided to SIG SAUER after the date of the Subject Incident on the grounds that such materials are neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving its objections, SIG SAUER responds that it does not have any documents responsive to this request.**

3. All records and recordings of any drop fire testing performed on the P320 issued to Officer Sheperis that discharged on January 5, 2017 after it was delivered to SIG in New Hampshire in January 2017.

4

**RESPONSE: SIG SAUER responds that it did not perform any drop fire testing on the Subject P320 Pistol that was issued to Officer Sheperis.**

4. All communications with the Federal Bureau of Investigation regarding the FBI's testing of the P320 at any time since it was first manufactured and distributed for potential sales.

**RESPONSE: SIG SAUER objects to this request to the extent it seeks communications about testing other than drop fire testing on the grounds that information about such testing is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving its objections, SIG SAUER responds that it does not have any documents responsive to this request.**

5. All marketing materials and documents concerning the P320 provided to the public and/or purchasers of the weapon either on the internet, Sig's web page, or through any mail carrier since it was first offered for sale.

**RESPONSE: SIG SAUER objects to this request to the extent it seeks materials created and/or provided after the date of the Subject Incident on the grounds such materials are neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving its objections, SIG SAUER will produce responsive documents.**

5

6. All records, documents, and recordings of any kind regarding any drop fire testing of the pre-upgraded P320 by Sig Sauer since January 1, 2014 to the present, and the results of those tests.

**RESPONSE: SIG SAUER objects to this request because the term "pre-upgraded P320" is undefined, rendering the request vague and ambiguous. For purposes of this response, SIG SAUER will read "pre-upgraded P320" to refer to P320 model pistols that had not been modified pursuant to SIG SAUER's Voluntary Upgrade Program, which was established in August 2017. SIG SAUER further objects to this request to the extent it seeks materials regarding testing performed after the date of the Subject Incident. SIG SAUER further objects to this request to the extent it seeks materials protected from disclosure by the attorney-client communication privilege, the attorney work product doctrine or any other applicable privilege. Subject to and without waiving its objections, SIG SAUER will produce test records for drop testing performed on P320 model pistols prior to the Subject Incident.**

7. Any records of any accidental discharges of the P320, or predecessor SIG pistol models while contained within a holster, in the last seven years.

**RESPONSE: SIG SAUER objects to this request to the extent it seeks information about discharges that occurred under circumstances different from what allegedly occurred in the Subject Incident on the grounds that such information is overbroad,**

6

**unduly burdensome and is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. SIG SAUER further objects to this request because the term "predecessor pistol" is undefined, rendering the request vague and ambiguous. SIG SAUER further objects to this request to the extent it seeks documents or information about firearm models other than the subject P320 model pistol on the grounds that such information is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving its objections, SIG SAUER responds that it is not aware of any drop-fire incidents involving a P320 model pistol while the pistol was contained in a holster other than the Subject Incident.**

8.    Any schematics or design documents showing the number of internal safeties the P320 possesses to guard against a drop fire upon impact with the ground.

**RESPONSE: SIG SAUER will produce responsive documents.**

9.    All internal electronic or other written communications among any and all SIG executives or employees regarding any drop testing of P320 from January 1, 2012 to the present.

**RESPONSE: SIG SAUER objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege. Subject to and without waiving its**

7

**objections, SIG SAUER will produce non-privileged correspondence in its files between SIG SAUER personnel regarding any drop-fire incidents involving a P320 model pistol, including the Subject Incident, to the extent such documents exist.**

10. Any documents from the National Tactical Officer's Association requesting that Sig improve the trigger on the P320 or any prior pistol model within the last seven years.

**RESPONSE: SIG SAUER objects to this request to the extent it seeks information about any pistol other than the subject P320 model pistol on the grounds that such information is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. SIG SAUER further objects to this request to the extent it seeks materials received by SIG SAUER after the date of the Subject Incident on the grounds that such materials are neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving its objections, SIG SAUER responds that, despite reasonable efforts, it has not located any documents responsive to this request in its files.**

11. Please provide any internal documents from any current or former employee, including but not limited to Richard Verdi, to any other current former Sig employee, executive, or officer expressing any concerns or warnings concerning the safety of Sig pistol triggers or the drop safety of Sig pistols. This request includes any documents the

employee's own concerns, or concerns relayed to him or her from any military or law enforcement department personnel, regarding the weight or safety of the Sig P320 trigger.

**RESPONSE:** **SIG SAUER objects to this request to the extent it seeks documents protected from disclosure by the attorney-client communication privilege, the attorney work product doctrine or any other applicable privilege. SIG SAUER further objects to this request to the extent it seeks information about pistol models other than the subject P320 model pistol on the grounds that such information is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. SIG. SIG SAUER further objects to this request to the extent it seeks documents sent or received after the date of the Subject Incident on the grounds that such documents are neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving its objections, SIG SAUER responds that, despite reasonable efforts, it has not located any responsive, non-privileged documents in its files.**

12. All of SIG's internal records and communications regarding the January 5, 2017 drop fire incident described in the Amended Complaint.

**RESPONSE: SIG SAUER objects to this request to the extent it seeks materials protected from disclosure by the attorney-client communication privilege, the attorney work product doctrine or any other applicable privilege. Subject to and without waiving its**

9

**objections, SIG SAUER will produce any non-privileged communications relating to the Subject Incident.**

13.     A complete copy of all pages appearing on SIG's website regarding the P320 before the January 5, 2017 incident described in the Amended Complaint.

**RESPONSE: SIG SAUER will produce the information from its website regarding the P320 as of the date of the Subject Incident.**

14.     A complete copy of all pages appearing on SIG's website regarding the P320 after the January 5, 2017 incident including, but not limited to, any modifications or changes to the content of those pages at any time from that date to the present.

**RESPONSE: SIG SAUER objects to this Request on the grounds that it seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.  SIG SAUER further objects to this Request on the grounds that SIG SAUER's website is accessible by the public, including plaintiff, and therefore, is equally accessible to plaintiff as it is to SIG SAUER.  Subject to and without waiving its objections, SIG SAUER refers plaintiff to SIG SAUER's website for information responsive to this request.**

15. All records, electronic or otherwise, sent between or among SIG executives, employees and/or agents regarding any injuries, including any fatalities, resulting from accidental discharges of the P320, or any predecessor SIG pistol, from January 1, 2011 to the present.

**RESPONSE: SIG SAUER objects to this request to the extent it seeks information protected from disclosure by the attorney-client communication privilege, the attorney work product doctrine, or any other applicable privilege. SIG SAUER further objects to this request to the extent it seeks information about any discharges that occurred under circumstances different from the Subject Incident where it is alleged that the Subject Pistol discharged after being dropped to the ground by plaintiff on the grounds that such information is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. SIG SAUER further objects to this request to the extent it seeks information about any model pistol other than the P320 model pistol on the grounds that such information is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. SIG SAUER further objects to this request on the grounds it is vague and ambiguous because the term "predecessor SIG pistol" is undefined. Subject to and without waiving its objections, SIG SAUER will produce non-privileged documents regarding any drop-fire incidents involving a P320 model pistol.**

16. Copies of any and all communications from any law enforcement agency, including local, state and/or or federal, or any civilian, to any executive or employee of SIG regarding any accidental discharges of the P320 from the date it was first made available for purchase.

**RESPONSE: SIG SAUER objects to this request to the extent it seeks information about any discharges that occurred under circumstances different from the Subject Incident where it is alleged that the Subject Pistol discharged after being dropped to the ground by plaintiff on the grounds that such information is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. SIG SAUER further objects to this request to the extent it seeks information about any model pistol other than the P320 model pistol on the grounds that such information is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. SIG SAUER further objects to this request on the grounds it is vague and ambiguous because the term "predecessor SIG pistol" is undefined. Subject to and without waiving its objections, SIG SAUER will produce documents regarding any drop-fire incidents involving a P320 model pistol.**

17. Copy or copies of all user manuals for the P320 from January 1, 2012 to the present, including any amended or updated manuals.

12

**RESPONSE:** **SIG SAUER will produce the P320 Owner's Manual in place at the time of the Subject Incident and any additional versions of the P320 Owner's Manual that post-date the Subject Incident.**

18.   Copy of any settlement agreements and/or legal releases entered into and/or obtained by SIG regarding any incidents regarding the P320 since it was first made available for sale to the general public or any other market.

**RESPONSE: SIG SAUER objects to this request to the extent it seeks materials related to any incidents that relate to an occurrence that is different from the Subject Incident where it is alleged that the Subject P320 Pistol discharged upon impacting the ground when it was dropped by plaintiff. SIG SAUER further objects to this request to the extent it seeks information protected from disclosure by the settlement privilege, protective order, confidentiality orders or other court orders in such other incidents. SIG SAUER further objects to this request on the grounds that the materials sought are neither relevant nor reasonably likely to lead to the discovery of admissible evidence because the terms of any other settlement are based on the unique circumstances of the incident it relates to and has no applicability to the instant lawsuit.**

19. All documents, including any drafts, and/or videos, regarding the conception, cause, timing, date of origination, implementation, development, and issuance of the August 2017 voluntary upgrade of the P320 pistol.

**RESPONSE: SIG SAUER objects to this request to the extent it seeks information protected from disclosure by the attorney-client communication privilege, the attorney work product doctrine or any other applicable privilege. SIG SAUER further objects to this request on the grounds that it is overbroad, unduly burdensome and seeks materials that are neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving its objections, SIG SAUER will produce responsive documents.**

20. All documents transmitted from any source to SIG stating or claiming that the P320 is unsafe.

**RESPONSE: SIG SAUER objects to this request on the grounds it is vague and ambiguous. SIG SAUER further objects to this request to the extent it seeks materials regarding any condition other than the condition at issue in this lawsuit on the grounds that such materials are neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving its objections, SIG SAUER will produce documents regarding alleged drop-safety issues with the P320 model pistol to the extent such documents exist.**

14

21. All communications to and from the Dallas Police Department regarding the safety, or safety concerns, regarding the P320.

**RESPONSE: SIG SAUER objects to this request to the extent it seeks communications regarding any condition or issue related to the P320 model pistol other than the potential of the P320 model pistol to discharge upon impacting the ground. Subject to and without waiving its objections, SIG SAUER responds that it will produce communications with the Dallas Police Department regarding potential drop-safety issues with the P320 model pistol to the extent any such documents exist.**

22. All SIG records and/or recordings of any and all drop testing performed by SIG, or any contractor of entity hired by SIG, on the P320 before January 5, 2017, including angles of drop, height of drops, and all related drop testing.

**RESPONSE: SIG SAUER will produce the materials in its files regarding any drop testing performed prior to the date of the Subject Incident.**

Dated: February 21, 2018
     Purchase, New York        Yours truly,

                                         By: _____
                                            Robert L. Joyce, Esq.
                                            LITTLETON PARK JOYCE UGHETTA & KELLY LLP
                                            The Centre at Purchase
                                            4 Manhattanville Road, Suite 202
                                            Purchase, New York 10577
                                            Tel: (914) 417-3400
                                            robert.joyce@littletonpark.com

                                            Anthony J. Natale, Esq.
                                             NATALE & WOLINETZ
                                            Federal Bar No. ct08451
                                            116 Oak Street
                                            Glastonbury, Connecticut 06033
                                            Tel: (860) 430-1802
                                            anatale@natalelawfirm.com