UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT A. SHEPERIS, | : | CIVIL ACTION NO.: |
| | : | 3:17CV011318(JCH) |
| Plaintiff, | : | |
| | : | |
| CITY OF STAMFORD, | : | |
| | : | |
| Intervening Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SIG SAUER, INC. | : | |
| | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT SIG SAUER, INC.'S AMENDED OBJECTIONS AND RESPONSES TO PLANITIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

Pursuant to Federal Rule of Civil Procedure 33, Defendant, SIG SAUER, INC. ("SIG SAUER") hereby provides its amended objections and responses, upon information and belief, to Plaintiff's First Set of Interrogatories, as follows:

**PRELIMINARY STATEMENT**

SIG SAUER has not fully completed its investigation, discovery, analysis, legal research and preparation for trial. The responses contained herein are based only upon the information and documentation that is presently available to and known to SIG SAUER. It is possible that further investigation, discovery, analysis, legal research and/or preparation may result in the ascertainment of additional information or documentation, or provide

additional meaning to known information or documentation, or establish additional or new factual conclusions and legal contentions, all of which may result in the modification of these responses.  Accordingly, SIG SAUER reserves the right to modify its responses herein based upon subsequently ascertained or developed information, documentation, facts and contentions.

Subject to the objections asserted herein, SIG SAUER has provided responses to plaintiff's requests for production in a good faith effort to reasonably respond based upon presently available information and documentation.  These responses should not be construed to prejudice SIG SAUER's right to conduct further investigation, discovery, analysis, legal research and/or preparation, or to limit this defendant's right to utilize any additional evidence that may be developed.

Except for explicit facts stated herein, no incidental and/or implied admissions are intended or made by SIG SAUER in any of these responses.  SIG SAUER's responses should not be construed as an admission that this defendant accepts or admits any facts set forth or implied in plaintiff's requests.  SIG SAUER's response to any portion of plaintiff's requests should not be construed as a waiver of part or all of this defendant's objections thereto.

All objections made herein are made on the advice of counsel in order to protect responding party from unwarranted invasion of its privacy, records, and files.

**DEFINITIONS**

1. "Subject Incident" refers to the January 5, 2017 incident during which plaintiff was allegedly injured when he dropped his P320 model pistol and it allegedly discharged upon impacting the ground as described in plaintiff's First Amended Complaint.

2. "Subject P320 Pistol" refers to the P320 model pistol that allegedly discharged upon impacting the ground after plaintiff dropped it as alleged in plaintiff's First Amended Complaint.

**AMENDED OBJECTIONS AND RESPONSES TO INTERROGATORIES**

INTERROGATORY NO. 2: Has SIG represented in marketing materials for the P320 that end users of the commercial version of the weapon would not have to worry about the weapon being drop safe, with or without a tabbed trigger safety.

ORIGINAL RESPONSE: Subject to and without waiving its objections, SIG SAUER responds that the P320 model pistol was tested to and met all U.S. safety standards for abusive mishandling of firearms, including, but not limited to, the NIJ Standard 0112.03, ANSI/SAAMI Z299.5-2016, and the CA DOD Handgun Standard. Each of these standards includes a drop safety requirement and test standard that firearms must pass to comply with the standard. (*See* NIJ Standard 0112.03, at § 4.7 and § 5.7; ANSI/SAAMI Z299.5-2016, at § 5; CA DOD Handgun Standard, at § 4060(f).) These standards were developed to specify "performance

and other requirements equipment should meet to satisfy the needs of criminal justice agencies for high quality service." (*see* NIJ Standard 0112.03 at iii) and to specify "[t]est parameters [which] simulate conditions where abusive mishandling could possibly result in accidental discharge" (*see* ANSI/SAAMI Z299.5-2016, at Foreword).  SIG SAUER refers plaintiff to the NIJ Standard 0112.03, ANSI/SAAMI Z299.5-2016, and the CA DOD Handgun Standard, copies of which are being produced in connection with these responses.  In addition to these standards, Massachusetts and New York require guns sold or transferred into the state to meet certain performance requirements, including specified drop test requirements (*see* MA 940 CMR 16.00; N.Y. Comp. Codes R. & Regs. tit. 9, § 482.6).  The P320 model pistol was tested to and met these standards as well.

      SIG SAUER further responds that as with any mechanical device, exposure to acute conditions such as shock, vibration, heavy or repeated drops, may have a negative effect on a firearm's mechanical safeties and should be avoided as part of safe firearm handling practices.  Therefore, SIG SAUER warns all users that: "All SIG SAUER pistols incorporate effective mechanical safeties to ensure they only fire when the trigger is pressed.  However, precautions should always be taken to avoid dropping a loaded firearm.  Although extremely unlikely, it is still possible for any loaded firearm to discharge when dropped."  *See* P320 Owner's Manual at p. 25.

      SIG SAUER further responds that the information on its website states:

4

> **SAFETY WITHOUT COMPROMISE.**
>
> Safety isn't negotiable. The P320 maximizes peace of mind with a robust safety system. Never again will you need to pull the trigger to disassemble your pistol. And, while available as an option, you won't need a tabbed trigger safety for your gun to be drop safe.

Additionally, at the time of the Subject Incident, SIG SAUER warned users, including plaintiff, that the P320 may discharge if dropped:



⚠ **WARNING – DROPPED PISTOL**

If dropped, the pistol may fire. Keep the chamber empty unless actually firing!

**ANY FIREARM MAY FIRE IF DROPPED**

SIG SAUER objects to this interrogatory on the grounds that it misstates the information provided to users by SIG SAUER. SIG SAUER further objects to this interrogatory as vague and ambiguous because the term "drop safe" is undefined. For purposes of this response, SIG SAUER defines "drop safe" to mean that the firearm complies with safety requirements for abusive mishandling of a firearm, including by dropping the firearm.

**AMENDED RESPONSE**:  **SIG SAUER's marketing materials do not include the specific language used in this interrogatory.  In further response, SIG SAUER directs plaintiff to the document Bates-stamped SIG000374, which was previously produced.**

INTERROGATORY NO. 10: Identify by number, date and location all accidental discharge incidents involving the P320 to date including, but not limited to, drop fires or inadvertent discharges.

ORIGINAL RESPONSE: Without waiving its objections, SIG SAUER responds that it was not aware of any alleged drop-fire incidents involving a P320 model pistol prior to the date of the Subject Incident. Subsequent to the date of the Subject Incident, SIG SAUER has been notified of the following alleged drop-fire incidents involving a P320 model pistol:

1. February 28, 2017 – University of Cincinnati Police Department;
2. June 14, 2017 – Wilsonville, OR;
3. June 20, 2017 – Howell Township, NJ Police Department;
4. July 28, 2017 – Tarrant County, TX; and
5. November 12, 2017 – Tyler, TX.

SIG SAUER further objects to this interrogatory to the extent it seeks information about alleged drop-fire incidents that SIG SAUER was not made aware of prior to the date of the Subject Incident on the grounds that such information is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. SIG SAUER has provided information regarding alleged drop fire issues that occurred after the date of the Subject Incident, but in doing so, SIG SAUER explicitly reserves its right to object to the admissibility of this information. SIG SAUER further objects to this interrogatory to the extent it seeks

information about discharges that are different from the Subject Incident, where plaintiff alleges that the Subject P320 Pistol discharged upon impacting the ground when plaintiff dropped it, on the grounds that such information is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.

**AMENDED RESPONSE:  SIG SAUER responds that it was not aware of any alleged drop-fire incidents involving a P320 model pistol prior to the date of the Subject Incident. Subsequent to the date of the Subject Incident, SIG SAUER has been notified of the following alleged drop-fire incidents:**

1. **February 28, 2017 – University of Cincinnati Police Department, Cincinnati, OH;**
2. **June 14, 2017 – Wilsonville, OR;**
3. **June 20, 2017 – Howell Township, NJ Police Department;**
4. **July 28, 2017 – Tarrant County, TX;**
5. **November 12, 2017 – Tyler, TX; and**
6. **March 29, 2018 – Orlando, FL**

**As per the Court ruling on Plaintiff's Motion to Compel, SIG SAUER identifies additional occurrences below during which an individual claims that his/her P320 pistol discharged without being dropped and without the trigger being pulled.  To date, SIG SAUER has not completed its investigation of these incidents, but it is SIG SAUER's position that the P320 model pistol will not fire without rotation of the trigger bar,**

7

**which is accomplished either through a manual trigger pull (by a finger or other object) or inertial trigger rotation (such as occurs in a drop-fire discharge).**

1. November 29, 2016 – Holmes Beach, FL
2. February 7, 2018 – Loudon County, VA

INTERROGATORY NO. 17:  State whether any SIG executives, employees or agents ever expressed, verbally or in writing, any concerns regarding the safety of the P320 before, or after, it was released to general public and law enforcement agencies for sale.  If the answer is "yes," identify the individual(s) by name and state his or her last known address.

ORIGINAL RESPONSE:  Subject to and without waiving its objections, SIG SAUER responds that it is not currently aware of any SIG employees expressing concern about the safety of the P320 model pistol from a drop safety perspective prior to the date of the Subject Incident.

SIG SAUER objects to this interrogatory to the extent it seeks information about conditions or circumstances that are different from the issue presented in this litigation, an alleged drop-fire incident involving the Subject P320 Pistol when plaintiff dropped the pistol to the ground, on the grounds that such information is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.  SIG SAUER further objects to this interrogatory to the extent it seeks information or communications that post-date the

Subject Incident on the grounds that such information is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.

**AMENDED RESPONSE: As per the Court's Order on Plaintiff's Motion to Compel [D.E. 59], SIG SAUER's response is limited to communications prior to the Subject Incident regarding issues related to the drop-fire safety of the P320. Subject to that criteria, SIG SAUER is unaware of any such communications.**

19.     State whether the P320 failed any drop testing protocols of any United States-based or foreign government agency and, if so, the date and agency responsible for such testing.

ORIGINAL RESPONSE:  Subject to and without waiving its objections, SIG SAUER responds that it was not aware of any failures of any testing protocols implemented by any entity on the P320 model pistol prior to the date of the Subject Incident.

SIG SAUER objects to this interrogatory to the extent it seeks information about purported drop test failures that SIG SAUER was informed of after the date of the Subject Incident on the grounds that such information is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.  SIG SAUER further objects to this interrogatory to the extent it seeks information about P320 model pistols that were a different from the Subject P320 Pistol in design or configuration on the grounds that such information is

9

neither relevant nor reasonably likely to lead to the discovery of admissible evidence. SIG SAUER further objects to this interrogatory to the extent it seeks information about P320 model pistols that were tested under test protocols other than what the Subject P320 Pistol was tested to on the grounds that such evidence is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.

**AMENDED RESPONSE: SIG SAUER was not informed of any P320 failures of drop testing protocols of any United States-based or foreign government agency prior to the Subject Incident. In February 2017, following the U.S. Army's award of a production contract to SIG SAUER for purchase of the XM-17 and XM-18 Modular Handgun Systems (a variant of the P320), SIG SAUER was informed *for the first time* that the Army experienced a single drop-fire discharge during its Bid Verification Testing (BVT) of the pistols. SIG SAUER worked with the Army to determine the cause of the drop fire discharge and to develop an engineering solution.**

**The U.S. Army uses Test Operations Procedure (TOP) 3-2-045 as its test protocol. SIG SAUER directs plaintiff to Section 4.10, "Rough Handling Test," of the TOP 3-2-045 protocol, which was previously produced at SIG000236-SIG000320. SIG SAUER is not aware of the P320 model pistol failing any drop testing protocols of any other United States-based or foreign government agency.**

Dated: June 13, 2018
      Purchase, New York

Yours truly,

By: _____
Robert L. Joyce, Esq.
LITTLETON PARK JOYCE UGHETTA & KELLY LLP
The Centre at Purchase
4 Manhattanville Road, Suite 202
Purchase, New York 10577
Tel: (914) 417-3400
robert.joyce@littletonpark.com


Anthony J. Natale, Esq.
NATALE & WOLINETZ
Federal Bar No. ct08451
116 Oak Street
Glastonbury, Connecticut 06033
Tel: (860) 430-1802
anatale@natalelawfirm.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VINCENT A. SHEPERIS,

    Plaintiff,

THE CITY OF STAMFORD,
    Intervening Plaintiff,

v.

SIG SAUER, INC.,

    Defendant.

CIVIL ACTION NO.:

3:17-CV-01318-JCH

## **VERIFICATION**

STATE OF NEW HAMPSHIRE

COUNTY OF ROCKINGHAM

BEFORE ME, the undersigned authority, on this day personally appeared Steven Shawver, who, being first duly sworn by me, upon his oath, deposed and stated that he has read the Amended Responses and Objections to Plaintiff's First Set of Interrogatories, that certain answers are based on information obtained from other persons or entities, but that the Responses are true and correct to the best of his knowledge, information and belief.

_____
Signature

STEVEN SHAWVER
Printed Name

SUBSCRIBED AND SWORN TO BEFORE ME this 13th day of June, 2018, to certify which witness my hand and seal of office.

_____
Notary Public

My Commission Expires:

September 3, 2019