UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| VINCENT A. SHEPERIS, | : | CIVIL ACTION NO.: |
| --- | --- | --- |
|  | : | 3:17CV011318(JCH) |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| SIG SAUER, INC., | : |  |
|  | : |  |
|  | : |  |
| Defendant. | : | JANUARY 19, 2023 |

## REPLY IN SUPPORT OF MOTION FOR RELIEF FROM FINAL ORDER

While straining mightily[1] to discount the two, clear drop fire incidents at its own facility in December 2013 and January 2014 (the latter of which was *after* the P320 was put into commerce), Sig's Memorandum, incredibly, contains still another false statement. Counsel for Sig states that the Army informed Sig of a drop fire incident in "February 2017" one month after Sheperis was shot. Def. Mem. Law, p. 4 ("in February 2017, the U.S. Army – which had selected a variant of the P320 pistol as its new sidearm – informed Sig Sauer that it had experienced a drop fire during its testing of the P320 variant")

This is also false. The Army informed Sig of this drop fire in 2016 long before Sheperis was shot. Ex. 1, p. 2 ("[d]uring drop testing [between Februray and June 20167] in which an empty primed cartridge was inserted, the striker struck the primer causing a discharge. The Army directed SIG SAUER

---

[1] Sig tries to exclude these two incidents from the scope of its prior discovery obligation on the grounds that they occurred "pre-production." Def. Mem. Law, p. 6. Yet Sheperis's discovery requests were not limited to "post-production" drop fire incidents. He requested information on all prior accidental discharge incidents including drop fires. Regardless, the P320 was put into production in January 2014, which is the same month the second drop fire failure occurred at its facility.

to develop an ECP to correct this deficiency. SIG SAUER modified the trigger mechanism to eliminate this deficiency").

That incident therefore marked at least the *third time* Sig had knowledge of the P320 drop firing *before Sheperis was shot*, yet Sig continues to claim it had no knowledge of drop fires until January 5, 2017. If the concealment of all these prior incidents is not fraud on the Court and interference with the normal process of adjudication, it is difficult to conceive of what would be. Sheperis contends that the concealment of all three of these incidents is indeed fraud upon the court justifying relief under Rule 60.

Sig's long-established pattern at this point of concealing responsive evidence, making false statements under oath, and continuing to hide the truth to this day about the dangers of the P320 justifies the relief he respectfully requests.

Respectfully submitted,

VINCENT SHEPERIS


By:     \_\_/s/\_\_*Jeffrey S. Bagnell*_____
Jeffrey S. Bagnell
Federal Bar No. CT18983
55 Post Road West, Suite 200
Westport, Connecticut 06880
(203) 984-8820
jeff@bagnell-law.com

**CERTIFICATION**

I hereby certify that on February 10, 2023, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

    /s/ *Jeffrey S. Bagnell*_____
    Jeffrey S. Bagnell