UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VINCENT A. SHEPERIS,<br>    Plaintiff, | : <br> : <br> : | CIVIL CASE NO.<br>3:17-cv-1318 (JCH) |
| v. | : <br> : | |
| SIG SAUER, INC.,<br>    Defendant. | : <br> : <br> : | APRIL 4, 2023 |

**RULING ON PLAINTIFF'S MOTION FOR RELIEF FROM FINAL ORDER (DOC. NO. 73)**

**I.**     **INTRODUCTION**

This case was administratively closed on June 26, 2018, upon the parties' report that the action had been settled. See Order of Dismissal (Doc. No. 70); see also Docket Entry, June 26, 2018 ("Civil Case Terminated."). Now, nearly five years later, the plaintiff Vincent A. Sheperis ("Sheperis") moves, pursuant to Federal Rules of Civil Procedure 60(b)(3) and 60(b)(6), for relief from this court's Order of Dismissal "on grounds of discovery fraud and fraud on the [c]ourt." See Motion for Relief from Final Order ("Pl.'s Mot") (Doc. No. 73); see also Memorandum in Support of Motion for Relief from Final Order ("Pl.'s Mem.") (Doc. No. 73-1); Corrected Reply in Support of Motion for Relief from Final Order ("Pl.'s Reply") (Doc. N. 76); Notice of Supplemental Exhibit in Support of Motion to Reopen ("Pl.'s Supp. Ex.") (Doc. No. 77). The defendant, Sig Sauer, Inc. ("Sig"), opposes the Motion. See Defendant Sig Sauer, Inc.'s Opposition to Motion for Relief from Final Order ("Def.'s Opp").

For the reasons that follow, the court denies the plaintiff's Motion (Doc. No. 73).

1

II.       BACKGROUND

Sheperis, a member of the "Stamford Police Department's Special Response Team", initiated the underlying action on August 4, 2017, after he was "shot when a holstered Sig Sauer P320 dropped to the ground and fired[,] hitting him in his knee." Pl.'s Mem. at 1–2; Compl. at 1 (Doc. No. 1).  Sheperis accidentally dropped his P320 while loading equipment into his car and, "[u]pon impact with the ground, the gun fired without the trigger being pulled", injuring Sheperis and causing "emotional distress, sleeplessness, and mental trauma."  Pl.'s Mem. at 2.

Sheperis claims that a "major issue in the case, if not the major issue, was whether Sig had knowledge before January 5, 2017"—the day Sheperis was injured—of "design and manufacturing defects with the gun that could allow it to fire without the trigger being pulled."  Id.  Sheperis had sought, through interrogatories during discovery, answers to this critical question.  See Plaintiff Vincent A. Sheperis's First Set of Interrogatories to Defendant ("Pl.'s Roggs"), Def.'s Ex. 1 ¶ 10 (Doc. No. 74-1) ("Identify by number, date and location all accidental[1] discharge incidents involving the P320 to date including, but not limited to, drop fires or inadvertent discharges.").  "Without waiving its objections," Sig replied to this Interrogatory (hereinafter "Interrogatory 10") as follows:

> Sig Sauer responds that it was not aware of any alleged drop-fire incidents involving a P320 model pistol prior to the date of the Subject Incident. Subsequent to the date of the Subject Incident, Sig Sauer has been notified

---

[1] The court notes that the discovery at issue was "accidental" discharges.  Discharges occurring in testing pre-production are not accidental.  The plaintiff may have thought that discharges caused in testing were within the scope of his discovery request.  The court, however, does not read it to clearly call for discharges or drop fires during testing.

2

        of the following drop-fire incidents involving a P320 model pistol. . . [lists five incidents]. . . .

Id.

        Following the defendant's interrogatory responses, including the above-quoted response which was provided on February 21, 2018, id at p. 12, an email exchange took place between Sheperis and Sig in which Sheperis, inter alia, defended Interrogatory 10 by stating that "[d]ata regarding how many times that has happened, whether by an accidental drop or otherwise,[2] since the P320 was introduced into commerce to the present day is obviously information relevant to [Sheperis's] claims . . . ." 4/4/2018 Email from Plaintiff's Counsel to Defendant's Counsel ("4/4/18 Email") at p. 4 (Doc. No. 74-3) (emphasis added).  The Sig Sauer P320 pistol was allegedly introduced into commerce in January 2014.  Pl.'s Reply at 1.

        On May 30, 2018, the parties appeared before this court to address the plaintiff's Motion to Compel (Doc. No. 46).  There, the court explained its understanding of Sig's response to Interrogatory 10 to mean that "there were no incidences before the plaintiff's incident of a dropped fire incident of a P320 model pistol."  May 30, 2018 Hearing, Pl.'s Ex. 1 at 2.  Sig agreed: "That's correct. Sig is not aware of any drop prior to the Sheperis incident."  Id. (emphasis added).  Following this hearing, Sig amended its response to Interrogatory 10 on June 13, 2018 to include one additional incident of a

---

    [2] The use of the word "otherwise" is somewhat concerning, but the latter phrase "since the P230 was introduced into commerce" makes the defendant's position clear that it was not responding based on pre-production testing.

    To put this exchange into context, the plaintiff focused on the "total number of accidental discharges . . . [not] merely . . . the number of drop fire incidents" and explained that Interrogatory 10 sought this "data . . . since the P320 was introduced into commerce . . ." 4/4/2018 Email from Plaintiff's Counsel to Defendant's Counsel at p. 4 (Doc. No. 74-3).

3

drop-fire subsequent to Sheperis's injury.  See Defendant Sig Sauer, Inc.'s Amended Objections and Responses to Plaintiff's First Set of Interrogatories to Defendant ("Amended Roggs") Def.'s Ex. 2 (Doc No. 74-2).

A confidential settlement between Sheperis and Sig was reached in June 2018, and this court dismissed the case with prejudice on June 26, 2018.  Def.'s Opp. at 6–7.

Sig was subject to a separate class action complaint about the same issue, which was partially resolved by a limited grant of summary judgment on April 1, 2022, in the U.S. District Court for the District of New Hampshire.  See Memorandum Order, Pl.'s Ex. 2 at 1, 38 (Doc. No. 73-3).  Sheperis learned of this decision shortly thereafter and, upon reading it, noticed that "at least two [drop fires predating the Sheperis shotting] occurred at [Sig's] own headquarters facility in New Hampshire in December 2013 and January 2014[.]"  Pl.'s Mem. at 3.

Contending that the issue of whether Sig was on notice of drop fire issues prior to his accident was central to his case, id. at 2, Sig now moves this court, pursuant to Federal Rules of Civil Procedure 60(b)(3) and 60(b)(6), to reopen his case and to "substantially penalize[ Sig] for discovery fraud and fraud on the [c]ourt in an amount to be determined", Pl.'s Mot. at 2.

For the reasons that follow, Sheperis's Motion is denied.

## III.       LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment."  Fed. R. Civ. P. 60(c).  Because "'final judgments should not be lightly reopened, [Rule 60(b)] may not be used as a substitute for timely appeal. . . .  Since 60(b) allows extraordinary relief, it is invoked only upon a showing of exceptional circumstances.'"  Cent. Vermont Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 190 (2d Cir. 2003) (quoting Nemaizer v. Baker, 793 F.2d 58 (2d Cir. 1986)).

The provisions of Rule 60(b)(3) and 60(b)(6) "are exclusive and 'an appellant cannot circumvent the one-year limitation [of Rule 60(b)(3)] by invoking the residual clause (6) of Rule 60(b).'"  United Airlines, Inc. v. Brien, 588 F.3d 158, 175–76 (2d Cir. 2009) (quoting Serzysko v. Chase Manhattan Bank, 461 F.2d 699, 702 (2d Cir.1972) (per curiam)).

## IV.     DISCUSSION

Sheperis's Motion is untimely, whether considered under Federal Rule of Civil Procedure 60(b)(3) or 60(b)(6).

### A.     Rule 60(b)(3)

There is no dispute that this Motion comes nearly five years after this court's Order of Dismissal (Doc. No. 70).  "Rule 60(b) specifically provides that a motion for relief from judgment may be made for reasons (1), (2), and (3) not more than one year after the judgment was entered. This limitations period is absolute."  Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000) (internal quotations, alterations and citations omitted).

5

Thus, Sheperis's claim that Sig committed discovery fraud through its nondisclosure of additional drop fire incidents is time barred.

The court denies his Motion on this ground.

B.     Rule 60(b)(6): the Residual Clause

Sheperis argues that Sig's failure to respond to Interrogatory 10 with additional incidents of drop fires, such as those alleged to have occurred in December 2013 and January 2014, "was not only a fraud on Sheperis and his counsel, but the honorable [c]ourt as well." Pl.'s Mem. at 9.  Sig, in turn, argues that Rule 60(b)(6) is unapplicable in this circumstance because Rule 60(b)(3) applies, and that in any event, the Motion is untimely under Rule 60(b)(3).  The court agrees with Sig.

"Rule 60(b)(6) only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)–(5)." Warren, 219 F.3d at 114 (internal citation omitted).  In other words, because "Rule 60(b)(6) is a broadly drafted 'umbrella provision,' [it] must be read in conjunction with the other sections of that Rule, and is applicable only where the more specific provisions do not apply." Colucci v. Beth Israel Med. Ctr., 531 F. App'x 118, 120 (2d Cir. 2013) (quoting PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 898 (2d Cir.1983)).  Unlike Rule 60(b)(3), which applies when an opposing party commits "fraud . . . , misrepresentation, or misconduct", Fed. R. Civ. P. 60(b)(3), Rule 60(b)(6) "is limited to that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Serzysko, 461 F.2d at 702 (internal quotation marks omitted; citation omitted).  Critically, "neither perjury nor

nondisclosure, by itself, amounts to anything more than fraud involving injury to a single litigant." Gleason v. Jandrucko, 860 F.2d 556, 560 (2d Cir. 1988).

In the instant case, the alleged fraud is Sig's nondisclosure of additional drop fire events.  This is precisely the kind of fraud that caused injury to Sheperis, a single litigant.  Id.  The court merely dismissed the case after Sheperis and Sig came to a confidential agreement, and while the court does not condone Sig's possible action of withholding information on additional drop fire incidents, the court disagrees with the characterization by Sheperis that the incidents made or broke his case.  Indeed, the record shows that Sig included warning language with its P390 that "[i]f dropped, the pistol may fire.  Keep the chamber empty unless actually firing!  ANY FIREARM MAY FIRE IF DROPPED".  Def.'s Opp. at 3.  Sig may well have used this warning to keep any settlement award down, though the court is limited to speculating on the warning's effect because the parties in this case reached a confidential settlement, and the court was not privy to those negotiations.

Moreover, even under the slightly more forgiving timing standard of Rule 60(b)(6)—requiring that the motion "be made within a reasonable time", Fed. R. Civ. P. 60(c)—Sheperis's Motion is untimely.  Sheperis does not explain how he came across the opinion, or whether he was aware of the pendency of the class action to which he refers as proof of Sig's nondisclosure.  See Pl.'s Mot.  Indeed, "a delay of more than four years as occurred here cannot be considered reasonable unless mitigating circumstances exist that justify such a delay." Satterfeld v. Pfizer, Inc., No. 04-CV-3782 KMW GWG, 2005 WL 1765708, at *9 (S.D.N.Y. July 18, 2005), aff'd sub nom. Satterfield v. Pfizer, Inc., 208 F. App'x 59 (2d Cir. 2006) (collecting cases).  No such

circumstances were described in this case.  In particular, if Sheperis only learned of the discovery response in the class action shortly after the April 1, 2022 Ruling, see p.4 supra, he does not explain why it took him nine months to file his Motion.

Sheperis has therefore failed to convince this court that he is entitled to relief from this court's final order, and his Motion is denied.

## V.        CONCLUSION

For the foregoing reasons, Sheperis's Motion for Relief from Final Order (Doc. No. 73) is hereby denied.

**SO ORDERED.**

Dated at New Haven, Connecticut this 4th day of April 2023.

      /s/ Janet C. Hall_____
Janet C. Hall
United States District Judge